## FOURTH DEPARTMENT, JUNE, 1965

## (June 23, 1965)

■ FRUTO MANTO, Correctly Spelled FRUTO MATOS, Appellant, v. JAMES AMALFI et al., Respondents.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: This appeal presents the issue as to the correctness of the instructions of the trial court relating to the existence of the relationship of landlord and tenant between the parties to the action. Plaintiff leased a room from defendant on a weekly basis and received injuries alleged to have been caused by the defective condition of the premises. The pertinent proof as to termination of the tenancy was given by the defendant landlord. His testimony was that two or three weeks before the accident plaintiff " wasn't giving me any money so I told him that he should leave  *  *  *  I gave him a week's notice." A week later defendant returned and was told by plaintiff that the latter did not have any money and could not find another room. Another week passed and appellant made another excuse but paid no rent. Following the accident plaintiff, after 10 days in the hospital, returned to the room and stayed an additional two weeks when he voluntarily departed without paying any rent. The ambiguous oral demand given by the landlord might be construed as a demand to pay rent or remove or a notice to terminate the tenancy at the end of the week. If construed to be the former, the applicable statutory provision at the time of the demand (Aug., 1961) would have been section 1410 of the Civil Practice Act (now Real Property Actions and Proceedings Law, § 711). Plaintiff was a tenant " for part of a year " as therein provided and pursuant to subdivision 2 of that section summary proceedings could have been instituted. In such event, however, the relationship of landlord and tenant would not have terminated until the issuance of a warrant for the removal of the tenant (Civ. Prac. Act, § 1434, now Real Property Actions and Proceedings Law, § 749, subd. 2; cf. *Cornwell* v. *Sanford,* 222 N. Y. 248, 252). On the other hand the notice might be construed as one to terminate the tenancy from week to week whether or not the rent was paid. (1 New York Law of Landlord and Tenant, § 163). In such event, the landlord had the right after the expiration of the term, to enter and take possession, if he could do so peaceably. (3 New York Landlord and Tenant, § 1094.) It is unnecessary to further explore these issues but it is reasonably clear from the proof that defendant was more interested in trying to obtain the rent than possession of the room. The trial court charged that the tenancy ceased if the jury found that the notice had been given; that in the event of such a finding plaintiff became a trespasser or at best a tenant at sufferance or at will and defendant owed him no duty except to refrain from deliberate and malicious injury. This was error and a new trial is required. In the event similar proof is submitted on the new trial the jury should be instructed that if the demand was one to pay rent or remove, the tenancy continued as no summary proceeding had been commenced and no warrant issued.

On the other hand, if the notice was found to be a week's notice to terminate without assignment of any reason, it was effectively waived by the course of conduct of the landlord. In other words, upon the giving of such a notice, defendant may have had the right to repossess the room peaceably but this he never did. Thus, upon any view of the proof, the relationship of landlord and tenant was in existence at the time of the accident. (Appeal from judgment of Monroe Trial Term, dismissing the complaint on the merits, in a negligence action.) Present — Williams, P. J., Bastow, Goldman and Del Vecchio, JJ.