■ JACK G. SCHWARTZ, Appellant, v CERTIFIED MANAGEMENT CORP. et al., Respondents.—Judgment, Supreme Court, New York County (Hortense W. Gabel, J.), entered January 7, 1985, dismissing the complaint after close of evidence at trial as to liability, unanimously reversed, on the law, a finding is made for plaintiff on the question of liability, and the action is remanded for assessment of damages, with costs.

This is an action for recovery of damages for unlawful eviction.

On instructions from the landlord, plaintiff was physically restrained from entering his apartment, requiring police assistance in order for him to get past the building's doormen. One day later, upon returning to his apartment, plaintiff found the locks had been changed. No judgment or warrant of eviction (RPAPL 749) was ever issued against plaintiff *(see, Manto v Amalfi,* 24 AD2d 528), and thus he must prevail in this action.

Defendant had commenced eviction proceedings against plaintiff, but had never effected proper service. Purported service had been made by affixing a notice of the proceeding to the door of the apartment. However, defendant was on notice that plaintiff was not actually residing in the premises at the time, having sublet the apartment to another one year earlier. Inasmuch as defendant had been put on notice at that time as to the office address of plaintiff, it was incumbent upon defendant, after affixing notice of the eviction proceeding to the door of the apartment, to mail a copy to plaintiff's alternate address within one day (RPAPL 735). This was not done, rendering the eviction proceeding jurisdictionally defective.

The given reason for the eviction proceeding was nonpayment of rent. Actually, plaintiff had proffered rental payments

in a timely fashion throughout the term of the lease, but the payments immediately prior to commencement of the eviction proceeding were returned. The real reason for the attempted eviction concerned the sublease.

Plaintiff had signed a three-year lease in September 1976. After 13 months of occupancy, plaintiff notified the landlord of his intention to sublet the apartment. The landlord subsequently advised plaintiff that it would not consent to the sublease, giving no reason, but allowed plaintiff the option to terminate his lease if he wished. Real Property Law § 226-b, the then-applicable law which had been enacted in 1975, plainly provided that the landlord must set forth reasons for withholding consent to a sublease, and upon his failure to do so, the request would be deemed granted.* Indeed, plaintiff asserts that after receipt of the letter from the landlord, he was informed by the landlord's secretary that there were no further objections to the sublease. Plaintiff thereupon acted with the understanding that the sublease had been approved. He introduced his subtenant to the doormen and continued to pay his own rent to the landlord, which was accepted. The sublease of the furnished apartment was to run for one year, through October 14, 1978, which would be 10½ months prior to the expiration of the prime lease. During this period, the subtenant approached the managing agent and arranged for the purchase of a similar apartment in the building, one floor above. There was sufficient notice of the subtenancy to landlord's agents (see, Farr v Newman, 14 NY2d 183, 190).

Beginning in September 1978, the month in which the eviction proceeding was initiated, the landlord began rejecting plaintiff's rent payments. In October 1978, shortly after expiration of the sublease, plaintiff's belongings were physically removed from the apartment, and the locks were changed without his consent or a warrant of eviction. This action ensued.

Knowledge of the subtenancy must be imputed to the landlord. The subtenant was personally known to agents of the landlord, the managing agent and the doormen. Continued acceptance of rent from plaintiff under such conditions for 10 months was inconsistent with defendant's position that the subtenancy was in violation of the lease (cf. Jefpaul Garage

---

* While the present wording of the statute (Real Property Law § 226-b [2]) is more explicit in this respect, the same interpretation was warranted by the prior version (see, Conrad v Third Sutton Realty Co., 81 AD2d 50, lv denied 55 NY2d 601).

*Corp. v Presbyterian Hosp.*, 61 NY2d 442, 447-448). The landlord's acceptance of the rent, with knowledge that plaintiff was subletting to another, constituted a waiver of the right summarily to terminate plaintiff's tenancy for breach of the covenant against subletting *(Sagson Co. v Weiss,* 83 Misc 2d 806; *see, Woollard v Schaffer Stores Co.,* 272 NY 304, 313). Under these circumstances, the landlord's alleged objections to the validity of the sublease are no bar to plaintiff's right to recover damages for his unlawful eviction. Concur—Kupferman, J. P., Asch, Fein, Milonas and Rosenberger, JJ.