OPINION OF THE COURT
Per Curiam.
Order, entered July 27, 2012, affirmed, without costs. Order, dated October 3, 2012, reversed, without costs, and tenant’s application for attorneys’ fees is denied.
The holdover summary proceeding, based upon allegations that tenant illegally sublet the cooperative apartment premises, was properly dismissed for lack of personal jurisdiction. Landlord received “written information” from tenant (see RPAPL 735 [1] [a]), in the form of a power of attorney presented at the time of closing, that tenant actually resided at a specified street address in Paris, France, an address specifically referenced by landlord, through counsel, in email correspondence sent to tenant’s attorney-in-fact prior to commencement of this eviction proceeding. In this posture, “it was incumbent upon [landlord], after affixing notice of the eviction proceeding to the door of the apartment, to mail a copy to [tenant’s] alternate address within one day (RPAPL 735)” (Schwartz v Certified Mgt. Corp., 117 AD2d 521, 521 [1986]). Landlord’s acknowledged failure to do so rendered the proceeding jurisdictionally defective.
That tenant did not respond to landlord’s prepetition email— requesting “the designation of an agent for service of process *13 for shareholders who reside out of the state” — did not absolve landlord of its obligation to comply with the mailing requirements of RPAPL 735. Landlord’s reliance on paragraph 27 of the proprietary lease is also unavailing, since that provision concerns only service of a notice required by the lease, not service of process required by statute (see Cere v Subway Intl. B.V., 96 AD3d 438 [2012]). Tenant’s affirmative defense of lack of personal jurisdiction was sufficiently pleaded in his answer, which, though inartfully drafted, fairly apprised landlord of the specific objection raised herein (see Rich v Lefkovits, 56 NY2d 276 [1982]). We note, further, that upon the dismissal of the petition on jurisdictional grounds, “the court’s additional reasons for dismissing the [proceeding] are merely dicta” (Allstate Ins. Co. v Edery, 225 AD2d 571, 572 [1996]).
In the procedural posture of this case, where the holdover petition was dismissed “without prejudice,” tenant’s application for attorneys’ fees was premature because the “ultimate outcome” of the controversy has not been reached (see Elkins v Cinera Realty, 61 AD2d 828, 828 [1978]) and a determination of “prevailing party” status cannot be made (see Matter of Moskowitz v Jorden, 27 AD3d 305, 307 [2006]).
Hunter, Jr., J.E, Torres and Shulman, JJ., concur.