305 MK Secure Holdings, LLC, Petitioner-Landlord-Respondent, 
against
Jiang Chen, Respondent-Tenant-Appellant, -and- Reuben Rubinovo, "John Doe" and "Jane Doe," Respondents-Undertenants.



Tenant appeals from an order of the Civil Court of the City of New York, New York County (Hanna Cohen, J.), dated April 25, 2017, which denied tenant's motion to vacate a default final judgment in a holdover summary proceeding.




Per Curiam.
Order (Hannah Cohen, J.), dated April 25, 2017, affirmed, with $10 costs.
Tenant's post-eviction motion to vacate the default final judgment for lack of jurisdiction was properly denied. Tenant failed to raise any genuine dispute that service of the notice of petition and petition were made in compliance with the "reasonable application" requirements of RPAPL § 735(1). The affidavit of service indicates that the papers were affixed to tenant's apartment door, after a first attempt at personal delivery during business hours and a second attempt during nonbusiness hours on two consecutive days, followed by the required mailings (see Eight Assoc. v Hynes, 102 AD2d 746 [1984], affd 65 NY2d 739 [1985]). Since tenant never provided landlord with "written information" of an alternate residence address (see RPAPL § 735[1][a]; 235 W. 22nd St., LLC v Genshaft, 24 Misc 3d 145[A], 2009 NY Slip Op 51822[U] [App Term, 1st Dept 2009]), landlord was not required to make any additional mailings (cf. Horatio Arms, Inc. v Celbert, 41 Misc 3d 11 [App Term, 1st Dept 2013]). 
Nor did the court abuse its discretion in denying tenant's motion for vacatur relief pursuant to CPLR 5015(a)(1). Tenant's claim that he was out of the country for more than a year tending to an ill parent is unsupported (see Chang Hyun Kim v Consolidated Edison, Inc., 39 AD3d 390 [2007]), and insufficient to excuse his seven-month (post-eviction) delay in first moving to vacate the judgment (see Arias v First Presbyt. Church in Jamaica, 100 AD3d 940, 941 [2012]; Caba v Rai, 63 AD3d 578, 582 [2009]). Tenant also failed to set forth a meritorious [*2]defense to the holdover petition.
We have considered tenant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 23, 2018