opinion of the court
David B. Saxe, J.
The defendant tenant has made a motion pursuant to CPLR 3211 (subd [a], pars 1, 7) to dismiss the plaintiff landlord’s action seeking nearly $10,000 as attorney’s fees arising out of a dispute between them concerning the monthly rent owed under a renewal lease.
A brief recitation of the facts is appropriate. The defendant was a tenant in a building owned by the landlord at 155 East 55th Street, New York, New York, 10022, apartment No. 8F, under a lease commencing August 1, 1977 and expiring July 31,1979 at a monthly rental of $480. On March 24, 1979, prior to the expiration of the initial lease, *82 the landlord sent to the tenant a renewal lease notice pursuant to section 60 of the Code of the Rent Stabilization Association of New York City, Inc. (Rent Stabilization Code), commencing August 1, 1979. The notice informed the tenant of his option to select a one-, two- or three-year renewal term. At that time, the Rent Guidelines Board had not yet issued its guidelines for rent increases applicable to leases taking effect after July 1, 1979. The notice referred only to the previous guidelines order. The tenant sent the notice with the additional security deposit to the landlord and wrote: “I accept your offer as stated above to renew the current lease for two years, at the increased rent stated”. The percentage increase for a two-year lease set forth in the landlord’s notice was 6% — establishing the rent at $509 per month.
When the Rent Guidelines Board, in June, 1979, published its new guidelines effective July 1, 1979, the landlord sent to the tenant a new two-year lease providing for a monthly rent of $538, including a 12% increase, the rate now allowed by the guidelines effective July 1, 1979. The tenant refused to sign the newly tendered lease, contending that the rent reserved exceeded the amount specified in the notice of renewal; and that the landlord was bound by common-law principles of offer and acceptance to the lower rental increase.
The tenant tendered rent in the amount of $509; the landlord refused it. In August, 1979, the landlord commenced a nonpayment summary proceeding (Civ Ct of City of NY, NY County, index No. 88653/79) alleging that the tenant had defaulted in his lease obligation to pay the rent permitted by the Rent Guidelines Board.
The tenant then made a motion for summary judgment. The court (Lane, J.) granted tenant’s motion and dismissed the nonpayment summary proceeding “without prejudice”, stating that “this is uniquely the kind of impasse which the statute has entrusted to administrative solution, subject to judicial review only when administrative remedies have been exhausted” (NYLJ, Jan. 24, 1980, p 12, col 3).
In compliance with the Civil Court’s ruling, the landlord filed a complaint with the Conciliation and Appeals Board *83 (CAB) in March, 1980. The CAB decided that the “full 12% increase is collectible”. (Opn No. 17,009.)
The tenant challenged the board’s order by commencing a CPLR article 78 proceeding in the Supreme Court, New York County. (Index No. 26654/81.) Justice Thomas Galligan dismissed the petition on May 26, 1982. His decision was affirmed on March 1, 1983 by the Appellate Division, First Department.
In this action, the landlord seeks payment of $7,420 for legal expenses incurred in litigation over the disputed sum of $696.
The tenant advances two principal grounds why legal expenses should not be recoverable.
The first ground involves an analysis of the lease provision authorizing counsel fees in this case. Paragraph 19 states: “If a tenant shall default in the observation or performance of any term or covenant on tenant’s part to be observed or performed under or by virtue of any of the terms or provisions in any article of this lease * * * and if landlord, in connection with any default by tenant in the covenant to pay rent hereunder, makes any expenditure or incurs any obligations for the payment of money, including but not limited to attorneys fees in instituting, prosecuting or defending any action or proceeding, such sums so paid or obligations incurred with interest and costs shall be paid by tenant to landlord within five (5) days of rendition of any bill or statement to the tenant therefor, and if tenant’s lease term shall have expired at the time of making of such expenditures or incurring of such obligations, such sums shall be recoverable by landlord as damages.”
The defendant maintains that he did not “default” in his obligation to pay rent; that he was “presenting a dispute” for determination and further that the landlord never took any steps to declare him in default.
I find no merit to these contentions. The landlord promptly instituted a nonpayment summary proceeding in the Civil Court. Had the tenant proceeded in the first instance at the CAB for a determination of his proper rental he would not have been in default. However, he elected instead to withhold rent. His choice of remedies *84 resulted in his failure to pay $29 rent per month. That constitutes a default in the payment of rent under the lease. Additionally, the tenant argues that the default was not “a material default”. That, however, is irrelevant. The clause in question requires only a “default”.
The tenant also argues that by virtue of section 234 of the Real Property Law an award by a court of counsel fees to a prevailing landlord is discretionary despite any language in the lease to the contrary.
The lease provides, inter alia, for counsel fees in commencing, prosecuting and defending actions or proceedings to be awardable to a landlord, in connection with any default by the tenant in the covenant to pay rent.
Where a lease, as here, provides for recovery of legal fees by a prevailing landlord, section 234 of the Real Property Law provides that, in the converse situation, a prevailing tenant may recover attorney’s fees.
But, the tenant argues, since under section 234 of the Real Property Law a landlord’s liability for legal fees is not automatic when the tenant prevails (Eaton v New York City Conciliation & Appeals Bd., 56 NY2d 340), a tenant’s liability for legal fees should likewise not be automatic when the landlord prevails despite language in the lease that seems to preclude the exercised discretion. In Thomas Duane Loft Tenants Assn. v Sylvan Lawrence Co. (117 Misc 2d 360, 369-370) the court stated: “Eaton does not require an award of counsel fees in every case. Rather, the determination is left to the discretion of the trial court, taking into account the underlying facts and circumstances involved. In the present case, there was a real dispute between the parties as to their relative rights and obligations under the state of the law as it existed at the time the suit was commenced * * * At the conclusion of the trial, I found that both parties had proceeded in good faith in their dealings with each other * * * I cannot, under the circumstances, conclude that the action of the landlord, in proceeding to a judicial resolution, amounted to a failure to perform a covenant or agreement of the lease, so as to entitle the tenants to an award for attorney’s fees and expenses incurred.”
*85 This discretionary award of counsel fees discussed in Thomas Duane (supra) is applicable only when a tenant has prevailed and is moving pursuant to the enabling statute (Real Property Law, § 234). Where, however, the landlord has prevailed and is seeking its counsel fees by virtue of a lease provision, an examination of the lease provision rather than section 234 is appropriate. Under these circumstances, it would be, I hold, an abuse of discretion to interfere with the clear terms of a contract which entitle a prevailing landlord to recover attorney’s fees.
But, landlord did not prevail at the initial hearing in court. The court granted tenant’s motion for summary judgment, suggesting administrative review. If landlord is claiming attorney’s fees as a result of the court proceeding, the lease provision under which it bases entitlement does not mandate recovery in only those circumstances in which the landlord has prevailed. Here, since the landlord did not prevail at the Civil Court proceeding — the tenant did — this court must regard landlord’s claim for attorney’s fees in light of the lease clause between the parties and other applicable law.
Section 235-c of the Real Property Law, “Unconscionable lease or clause”, provides: “1. If the court as a matter of law finds a lease or any clause of the lease to have been unconscionable at the time it was made the court may refuse to enforce the lease, or it may enforce the remainder of the lease without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.”
Although the clause in question is not unconscionable, serious questions are raised if the landlord sought attorney’s fees for a case which it had lost. In such circumstances, recovery of attorney’s fees would be an unconscionable result — to be avoided. The purpose of awarding counsel fees, whether mandated by statute, agreement or otherwise, is to recompense a successful litigant for the costs of litigation, not to compensate an unsuccessful party.
Additionally, the language of the lease clause must be interpreted in accordance with this sound public policy. Ambiguities in the language of a lease should be resolved against a landlord as the draftsman, and in favor of the *86 tenant. (67 Wall St. Co. v Franklin Nat. Bank, 37 NY2d 245.) An award of counsel fees to a nonprevailing party would be an absurd and oppressive result. Therefore, landlord is not entitled to recover counsel fees for the first summary proceeding instituted in Civil Court.
The lease provision in question authorizes recovery of counsel fees to a landlord in instituting, prosecuting or defending “any action or proceeding.” Under such a clause, would a prevailing party be entitled to attorney’s fees expended in connection with a petition before an administrative body, such as the CAB? In one case, Chessin v New York City Conciliation & Appeals Bd. (116 Misc 2d 1003, 1017), the court, addressing this issue, stated: “I find that by virtue of chapter 576 (§ 6, subd e, par [10]) of the Laws of 1974, granting the respondent any other power necessary to effectuate the provisions and purposes of the Code, such power does exist. This holding is additionally supported by the obvious ease with which respondent has allowed landlords to collect as additional rent attorney’s fees and/or expenses incurred in the successful prosecution of summary proceedings — all in the name of section 234 of the Real Property Law (CAB Opns Nos. 7997, 19721, 19899).”
I disagree for two reasons. Generally, an award of attorney’s fees and/or costs may only be made by a court where there exists either an express contractual obligation or specific statutory authority. (Matter of Green [Potter], 51 NY2d 627.) Here clearly there is no statutory authorization for attorney’s fees nor do I think that the blanket grant in chapter 576 (§6, subd e, par [10]) of the Laws of 1976: “To do any and all things necessary or convenient to carry out the purposes and exercise its powers”, gives the CAB a power that more appropriately belongs to a court. A court should, it is submitted, act cautiously before it denudes its power and responsibility by permitting an administrative agency to take over functions over which it has exclusive jurisdiction. The purpose and function of the CAB is to decide questions involving legal rents, services and issues concerning lease renewals. (See, generally, Matter of Brown v Gabel, 47 Misc 2d 288.) The CAB is not a court of law — it has only such limited powers as are granted it by law. These powers do not, I hold, include the right to award attorney’s fees.
*87 Since the CAB did not have the authority to award attorney’s fees, the failure of the landlord to demand them in its successful defense of the CAB administrative proceeding does not bar the landlord from demanding them now in this plenary suit (930 Fifth Corp. v King, 42 NY2d 886, 887-888).
However, if a landlord were successful in obtaining an award of attorney’s fees as a result of a successful determination at a CAB proceeding, a tenant might be intimidated by this threat of potential financial liability from seeking, in good faith, to have his rights determined before the CAB, which was established for just that purpose. Utilization of the CAB procedure is certainly preferable from the landlord’s point of view, because, unlike a summary proceeding, it does not involve the holding back of rent. Also, it is less expensive and cumbersome. Even a landlord does not have to be represented by an attorney at the administrative hearing. In short, it is a procedure to be encouraged. Awarding attorney’s fees to a successful landlord at an administrative hearing does not encourage tenants to freely use this system and would be contrary to public policy. I therefore hold that an award of attorney’s fees to the landlord in connection with its success at the CAB would be improper.
With respect to the two proceedings subsequent to the CAB determination, viz., the CPLR article 78 proceeding commenced in Supreme Court, New York County, and the appeal to and decision by the Appellate Division, First Department, it is necessary once again to examine the lease provision providing for attorney’s fees. The lease provision authorizes recovery of counsel fees to a landlord in “defending” any action or proceeding. Technically, an article 78 proceeding against the CAB questions a determination of that board — not an action of the landlord. Nevertheless, this adjudication involved substantial rights of both parties and therefore the landlord is a proper party to the article 78 proceeding. Thus, under CPLR 1001 (subd [a]) the landlord is a person who ought to be made a party to a tenant’s article 78 challenge of a CAB determination because he is a party “who might be inequitably affected by a judgment in the action”. (CPLR 1001, subd [a]; see Matter *88 of Serth v New York State Dept. of Transp., 79 AD2d 801; Matter of Skliar v Board ofEduc., 45 AD2d 1012.)
There is no indication however that the landlord, although legally entitled to do so (Matter of 1825 Realty Co. v Gabel, 44 Misc 2d 168), ever requested counsel fees as part of its prayer for relief in the article 78 proceeding or on appeal. That being the case, a plenary suit for counsel fees is now barred under the holding of 930 Fifth Corp. v King (supra), which prohibits a splitting of a cause of action for such fees.
Plaintiff therefore is not entitled to counsel fees as part of its successful proceeding at the CAB and the subsequent affirmance by two courts. Therefore, there is, I hold, no action or proceeding for which the plaintiff landlord is presently entitled to press a claim for attorney’s fees. Accordingly, the tenant’s motion to dismiss is granted.