■ Lois Witkoff et al., Respondents, v Shopwell, Inc., Appellant, et al., Respondents.—In a proceeding to recover possession of real property, the tenant appeals, by permission, from an order of the Appellate Term of the Supreme Court, Second and Eleventh Judicial Districts, dated July 13, 1984, which unanimously reversed an order of the Civil Court of the City of New York, Queens County (Hentel, J.), dated January 12, 1984, granting its motion to dismiss the proceeding, reinstated the petition and remitted the matter to the Civil Court for further proceedings.

Order affirmed, with costs.

Tenant Shopwell, Inc. (hereinafter Shopwell) received a notice to cure on July 11, 1983, informing it that various major structural repairs and renovations had to be made to the leased store and surrounding premises, as detailed in a 19-page inspection report annexed to the notice to cure. Pursuant to the lease and the notice to cure, Shopwell was given 10 days to cure the conditions described therein, or, if the matters complained of could not be completely remedied in 10 days, to commence curing those conditions and thereafter to continue with reasonable diligence until completion. Shopwell promptly sent a letter, dated July 14, 1983, informing the landlords that it would have its own contractor review the landlords' inspection report to determine what repairs Shopwell was obligated to perform. It assured the landlords that, while its investigation "may take some time", it was acting immediately and would "proceed with dispatch" if obligated to

take further actions. Shopwell made a follow-up telephone call which reiterated the assurances contained in the letter. In apparent reliance on these representations, the landlords took no action until after Labor Day, when their follow-up inspection allegedly revealed that the conditions had not been corrected. The landlords then served a notice of termination dated September 13, 1983, and thereafter commenced this proceeding. Shopwell moved to dismiss the petition, arguing that the landlords' acceptance of rent, for the months of July, August and September, between the times they served the notice to cure and the notice of termination, constituted a waiver of their right to maintain this proceeding on the basis of the notice to cure. The Civil Court granted the motion and dismissed the petition. On appeal by the landlords, the Appellate Term reversed and remitted the case to the Civil Court for further proceedings. This court granted leave to appeal from the order of the Appellate Term.

If a landlord accepts its tenant's rent without protest, after learning of lease violations, the landlord thereby normally waives its right to terminate the lease on the basis of such violations (*Atkin's Waste Materials v May,* 34 NY2d 422; *Condit v Manischewitz,* 220 App Div 366). If, however, instead of ignoring the violations, the landlord serves a notice to cure, it thereby indicates its disapproval of the violations and its intent to act if they are not corrected. Since the tenant is given until the end of the cure period before it may be declared in default, the landlord's acceptance of rent prior thereto does not constitute a waiver of its objections (*Gramercy Realty Co. v Smith,* NYLJ, Mar. 24, 1981, p 6, col 1 [App Term, 1st Dept.]; *cf. Jefpaul Garage Corp. v Presbyterian Hosp.,* 61 NY2d 442, 448).

Repairs to the defects in the premises cited in the landlords' notice to cure and inspection report would involve substantial work that obviously could not be completed in 10 days. Shopwell's obligation was therefore to commence curing the violations within 10 days. When Shopwell assured the landlords, both by letter and by telephone, that it was having its own contractor investigate, that this might take some time, and that it would thereafter undertake whatever repairs were necessary, the landlords acted reasonably in relying on those assurances and in waiting slightly under two months before reinspecting to determine what progress had been made. It was reasonable to give Shopwell this period of time before declaring it in default (*cf. Mobil Oil Corp. v Burdo,* 69 Misc 2d 153, 158). Accordingly, the landlords did not waive their right

to terminate the lease based on these alleged violations by accepting rent payments in the interim (*Gramercy Realty Co. v Smith, supra; Jefpaul Garage Corp. v Presbyterian Hosp., supra*). Lazer, J. P., Gibbons, Thompson and Kunzeman, JJ., concur.