■ ARMORY BUILDING LIMITED PARTNERSHIP, Respondent, v

PARK 25TH ASSOCIATES et al., Appellants, et al., Defendant.—
Order, Supreme Court, New York County (Michael J. Dontzin,
J.), entered January 14, 1986, which granted reargument and,
on such motion, adhered to a prior order (same court), entered
July 1, 1985, which had, *inter alia:* (1) granted plaintiff's cross
motion for summary judgment on the first cause of action; (2)
declared the rights of the parties as to basic net rent payable
during the renewal terms of the lease; and (3) denied defen-
dants' motion to dismiss the first, third, fourth and fifth
causes of action, unanimously modified, on the law, only to the
extent of dismissing the third and fifth causes of action and
otherwise affirmed for the reasons stated by Justice Dontzin,
without costs or disbursements. The appeal from the order
entered July 1, 1985 is dismissed as superseded.

The action for a declaratory judgment was brought to
resolve a dispute as to the basic net rent to be paid during
renewal terms under a lease which was executed as part of a
sale and lease-back of 345 Park Avenue South. The lease was
a net lease and the initial term of the then landlord was 21
years, with an option for four 21-year renewal terms. Article
20.01 provided that renewal was to be on the same terms,
covenants and conditions as in the lease, "except that the rent
for such renewal terms shall be the basic net rent and
additional rent paid for the last lease year of the term being
renewed."

After unsuccessful negotiations by the present landlords,
defendants herein, to buy the lease from the prior tenant (345
Park Avenue South Partnership) or to sell its fee interest, the
then tenant contracted to sell its lease to Kingston Investors
Corp., which, in turn, negotiated with plaintiff for the assign-
ment of the leasehold. Prior to the completion of the transac-
tion, the defendants landlords, on March 29, 1985, wrote to
the prior tenant and Kingston that it interpreted the lease so
as to require an increased rent for the renewal term (1985
through 2006)—basic net rent ($335,750) plus the July 1, 1984
through through June 30, 1985 cost of real estate taxes, water
and sewer charges and insurance premiums, in addition to
further increases for such items in future years. This letter
was not sent to plaintiff. Three days later, on April 2, 1985,
the parties proceeded to contract and Kingston's lease was
assigned to plaintiff.

Plaintiff's first cause of action sought a declaratory judg-
ment that, under the lease, the basic net rent during the
renewal term was $335,750 per year, plus additional rent in
future years to account for increases in actual operating costs

in each such year. The second cause of action sought an alternative declaration that basic net rent for the first renewal term was $335,750, plus the 1984-1985 fiscal year actual costs, with no obligation to pay additional rent for actual operating costs in future years.

Special Term declared in favor of plaintiff, granting summary judgment on the first cause of action and, as a result, permitted withdrawal of the second cause of action. It rejected the landlord's interpretation, expressed in its March 29, 1985 letter, and held that the construction was inconsistent with the clear intention of the lease-back arrangement, which was to give the landlord a guaranteed fixed return over the term of the lease. It also held that it conflicted with the contract's definitions of basic net rent and additional rent, with the latter intended to fluctuate depending upon the actual operating expenses in a given year.

We agree with Special Term's reasoning and analysis. Clearly, the disputed clause was designed to accommodate adjustments in basic net rent and additional rent which might result from condemnation of a portion of the premises, pursuant to article 16.03 of the lease. The landlords' interpretation would conflict with the underlying purpose, to ensure defendants a fixed return on their investment.

However, we disagree with so much of Special Term's determination which sustained the legal sufficiency of the third cause of action for tortious interference with plaintiff's contractual relations, based upon the landlord's letter of March 29, 1985, and the fifth cause of action for prima facie tort. In its third cause of action, plaintiff alleges that the March 29 letter was maliciously designed to interfere with plaintiff's acquisition of the leasehold interest and its prospective sources for financing. It is undisputed that, on April 2, 1985, subsequent to the letter, plaintiff contracted to purchase Kingston's leasehold interest and did, in fact, thereafter proceed to closing. As a result, on the facts of this case, the only cognizable claim which could be interposed is damage in the form of increased financing costs as a result of defendants' alleged interference. This, however, is fully covered by and is the subject of the fourth cause of action. Thus, in that respect, the third cause of action is duplicative of the fourth claim for relief, especially since the assignment was actually consummated by the parties and not interfered with, except as to possible additional financing.

Taking cognizance of the fact that this is a motion to

dismiss, addressed to the face of the pleadings, and not one for summary judgment, the fourth cause of action for interference with precontractual relations does state a cognizable claim for relief *(see, Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183). Although plaintiff did proceed to close on its acquisition of Kingston's leasehold interest, it is claimed that the interference resulted in damage in the form of increased financing costs. The existence of such damage is a matter of proof, inappropriate for resolution on a motion to dismiss under CPLR 3211 (a) (7).

We also find the fifth cause of action for prima facie tort legally deficient. Prima facie tort permits a recovery for the intentional infliction of harm, without any excuse or justification, by an act or acts which would otherwise be lawful and which result in special damages *(Freihofer v Hearst Corp.,* 65 NY2d 135, 142-143; *Curiano v Suozzi,* 63 NY2d 113, 117; *Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 332). Here, the complaint contains no allegation of special damages, a critical element of the cause of action. Moreover, to the extent the fifth cause of action seeks to recover for increased financing costs resulting from the landlord having sent the March 29, 1985 letter, the cause of action is, in material respects, duplicative of the fourth cause of action, which we find sufficient to withstand a motion to dismiss. Concur—Murphy, P. J., Ross, Milonas, Kassal and Rosenberger, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PENNINO, Appellant.—Judgment, Supreme Court, New York County (Alfred Kleiman, J.), rendered on May 23, 1984, unanimously affirmed.