(January 10, 1989)

■ MALLORY FACTOR, INC., Appellant-Respondent, v LEONARD SCHWARTZ, Respondent-Appellant.—Order of the Supreme Court, New York County (Bruce McM. Wright, J.), entered on July 14, 1987, which denied plaintiff's motion for leave to amend its complaint, and for summary judgment as to liabil-

ity on its proposed amended second and third causes of action, unanimously modified, on the law and on the facts, to grant plaintiff's motion to amend to the extent of permitting amendment of plaintiff's third cause of action, and to grant plaintiff's motion for summary judgment as to liability on the amended third cause of action only, and the appealed order is otherwise affirmed, without costs.

Mallory Factor, Inc. (MFI), a public relations firm, hired the defendant, Leonard Schwartz, as an account executive in June 1982. Under the terms of the employment agreement, Schwartz agreed that, upon termination of his employment, he would not solicit any MFI account for a period of 18 months.

In 1983, Schwartz was assigned an account with the government of St. Maarten. In April 1985, while still in the employ of MFI, Schwartz traveled to St. Maarten with an executive of Kanan, Corbin, Schupak & Aronow, Inc. (KCS&A), a competitor of MFI. Schwartz testified that the purpose of his trip was to meet with representatives from St. Maarten to discuss transferring the St. Maarten account from MFI to KCS&A. Soon after his return from this meeting, Schwartz resigned from MFI and commenced employment with KCS&A.

Although MFI ultimately did not lose the St. Maarten account, plaintiff claimed it was required to devote an inordinate amount of its time and resources to regain its client's confidence.

MFI commenced this action in May 1985, setting forth three causes of action. The first cause, and the only one for which damages were sought, alleged Schwartz' breach of his common-law fiduciary duties of loyalty and good faith to his employer. The second alleged that defendant had tortiously interfered with plaintiff's contractual relationship with the government of St. Maarten. The last cause was predicated on Schwartz' alleged breach of the above-discussed 18-month restrictive covenant contained in his employment agreement. The second and third causes requested injunctive relief only.

Citing defendant's own admissions, the motion court granted plaintiff's motion for summary judgment as to liability on the first cause of action, but denied the plaintiff's motion to amend its second and third causes and for summary judgment thereon as to liability.

The motion court's denial of MFI's motion for leave to amend was apparently based upon the circumstance that MFI's request for leave to serve an amended complaint was

made only in its memorandum of law. This was error. It is well established that a party may amend a pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties. (CPLR 3025 [b].) A formal defect will not defeat an otherwise meritorious motion, provided that the motion is timely made and the merits of the case are adequately presented in the supporting documents. *(Matter of Great E. Mall v Condon,* 36 NY2d 544; *see also, Matter of Nelson v Coughlin,* 115 AD2d 131.) In addition, CPLR 2001 states that at any stage of an action, the court may permit a defect to be corrected or, if a party is not prejudiced, to be disregarded. *(Pace v Perk,* 81 AD2d 444.) Absent prejudice or unfair surprise, requests for leave to amend should be granted. *(Daigle v Texas Intl. Co.,* 109 AD2d 648.)

Clearly, there has been neither prejudice nor unfair surprise to the defendant. MFI sought leave to amend its complaint only after it was revealed during discovery that defendant engaged in activity prejudicial to plaintiff's interests *after* leaving MFI. These revelations were obtained from the defendant himself. MFI's proposed amendment which, as is here relevant, was intended only to particularize a claim for damages as to the third cause of action, and which did not change the parties to the action or the previously pleaded theories of liability or require additional discovery, should have been permitted.

We turn now to that part of plaintiff's motion requesting summary judgment. The only issue raised by defendant regarding plaintiff's third cause of action involves the enforceability of the 18-month restrictive covenant.

To be found reasonable and, therefore, enforceable, restrictive covenants must meet the following criteria: (1) the time and geographical scope of the restriction must be reasonable; (2) the burden on the employee must not be unreasonable; (3) the general public must not be harmed; and (4) the restriction must be necessary for the employer's protection. *(Service Sys. Corp. v Harris,* 41 AD2d 20, 23; *see also, American Broadcasting Cos. v Wolf,* 52 NY2d 394, 403.)

The present covenant was of relatively short duration and was reasonably designed to insure MFI against Schwartz' misappropriation of MFI's trade secrets and goodwill. Schwartz was not restricted from seeking employment in any geographical region, nor was he precluded from obtaining employment with any MFI competitor, or from establishing his own public relations firm. Schwartz was restricted only

from performing work for any account MFI or Schwartz had been involved with during the term of Schwartz' employment and, as noted, the restriction was reasonably limited temporally. Certainly, the enforcement of such a covenant cannot be viewed as anticompetitive or otherwise harmful to the general public.

As the restrictive covenant was reasonable in scope and, therefore, enforceable, its violation by Schwartz entitles plaintiff to summary judgment as to liability on its third cause of action.

The second cause of action seeks damages for tortious interference with contractual relations. It has been noted that "[a]s with many forms of action, inducement to breach and intentional interference with economic relations developed to fill an interstitial void in remedial jurisprudence. They were not meant as a substitute for an already existing cause of action. Thus, if one has an action for breach of contract, he should not also have a cause of action for inducement to breach against the same defendant." *(Ryan v Brooklyn Eye & Ear Hosp.,* 46 AD2d 87, 90.)

As plaintiff has a cause of action for breach of contract based on the restrictive covenant and, indeed, is being granted summary judgment thereon, there is no need for, nor would it be proper to countenance, the simultaneous assertion of a cause for tortious interference with contractual relations. Accordingly, we affirm the denial of plaintiff's motion as it pertains to the second cause of action. Concur—Murphy, P. J., Ross, Kassal and Wallach, JJ.