■ MALLORY FACTOR, INC., Respondent, v RAY JICKA, Appellant.—Order and judgment, Supreme Court, New York County (Harold Tompkins, J.), entered, respectively, on April 2, 1990 and May 24, 1990, which, *inter alia,* denied defendant's motion for summary judgment dismissing the complaint, granted plaintiff's cross motion for summary judgment as to liability on the third cause of action of the complaint, dismissed the second cause of action as duplicative of the third cause of action, and which awarded plaintiff the sum of $33,000, unanimously affirmed, with costs.

Plaintiff, a public relations concern, commenced the underlying action against defendant, its former employee, seeking monetary recovery for breach of fiduciary duty, tortious interference with contractual relations, and breach of the restrictive covenant in the parties' employment agreement, dated December 24, 1986.

It is well settled that to be found enforceable, the time and geographical scope of the restriction in a restrictive covenant must be reasonable; the burden on the employee must not be unreasonable; the general public must not be harmed; and the restriction must be necessary for the employer's protection. *(Mallory Factor v Schwartz,* 146 AD2d 465, 467 [where the virtually identical covenant was upheld by this court].)

The IAS court properly granted summary judgment in plaintiff's favor on the third cause of action for breach of the restrictive covenant in the parties' employment agreement. The covenant in question was reasonable in scope, and did not unduly restrict the employee's ability to earn a livelihood in his chosen profession. The restriction in issue merely prohibits defendant for a period of 24 months after the termination of employment from performing services for any client with whom defendant had dealt while an employee of plaintiff *(Mallory Factor v Schwartz, supra,* at 467).

Similarly, we find that the IAS court was correct in dismissing the second cause of action for tortious interference with contractual relations as duplicative of plaintiff's existing cause of action for breach of the restrictive covenant. Concur—Ross, J. P., Carro, Asch, Wallach and Smith, JJ.