■ BRENTSUN REALTY CORP., Respondent, v D'URSO SUPER-MARKETS, INC., Appellant, et al., Defendants. (And Two Other Actions.)—In a consolidated action, *inter alia,* for a judgment declaring the respective rights of the parties under a lease, D'Urso Supermarkets, Inc., appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Suffolk County (Namm, J.), dated November 15, 1989, which, *inter alia,* denied its motion for summary judgment and a declaration, *inter alia,* that (1) the lease renewal option was properly exercised, and (2) it did not breach the nonassignment clause of the lease.

Ordered that the order is modified, on the law, by adding thereto a provision declaring that the merger of Brentwood Plaza Food Corp. into the appellant did not breach the 4th and 31st provisions of the lease; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The predecessor landlord of the subject commercial property leased the property, which is located in Brentwood, New York, to the predecessor tenant, the defendant 1925 Brentwood Road Food Corp. (hereinafter Food Corp.) for a period of approximately six years. The lease provided that the property was to be used and occupied only for a supermarket. The rider to the lease contained the following covenant: "31st * * * Tenant further agrees that it will not assign, mortgage, pledge or otherwise encumber this lease or any interest therein, or sublet the whole or part of the demised premises, without obtaining on each occasion the written consent of the Landlord. Consent to assignment shall not be unreasonably withheld by Landlord, and if consent is granted, Tenant shall remain liable on this Lease. Transfer or sale of fifty percent

(50%) or more of the stock of the Corporation shall constitute an assignment of this Lease which must require Landlord's consent as set forth above".

On August 14, 1986, Food Corp. entered into an assignment and assumption agreement with Brentwood Plaza Food Corp. (hereinafter BPFC) which was at the time a wholly-owned subsidiary of the appellant, D'Urso Supermarkets, Inc. The predecessor landlord consented to the assignment and assumption. As of December 17, 1986, the appellant owned all outstanding shares of each class of stock of BPFC and, pursuant to a plan of merger adopted by the appellant's board of directors on that date, BPFC was merged into the appellant. A certificate of merger effecting the merger was filed with the Department of State of the State of New York on December 19, 1986. The appellant executed no assignment or sublease. Brentsun Realty Corp. (hereinafter Brentsun) the present landlord, contends that the merger violated the above-quoted lease provision and thus the appellant cannot exercise its right to renew the lease.

We find Brentsun's contention to be without merit and modify the order to declare that the appellant and its subsidiary BPFC did not breach the nonassignment clause of the lease. Under the facts of this case, the merger of the subsidiary corporation into its parent corporation did not constitute an assignment for purposes of violating the nonassignment covenant in the lease (see generally, Business Corporation Law § 906; Torrey Delivery v Chautauqua Truck Sales & Serv., 47 AD2d 279; Albert v Salzman, 41 AD2d 501; Platt Corp. v Platt, 21 AD2d 116, affd 15 NY2d 705; Rubinstein Bros. v Ole of 34th St., 101 Misc 2d 563). The merger did not change the beneficial ownership, possession, or control of BPFC's property or leasehold estate. Only BPFC's corporate form was affected, not the corporate property. Therefore, no assignment or similar transfer of the lease occurred. The provision in the lease which states that transfer or sale of 50% or more of the stock of the "Corporation" shall constitute an assignment does not apply in this case because at no time since BPFC assumed the lease did it transfer or sell at least half of its stock to the appellant.

Moreover, we conclude that, by accepting rent from the appellant for over two years after the merger, Brentsun waived the purported breach of the nonassignment provision of the lease (see, e.g., Atkin's Waste Materials v May, 34 NY2d 422; Conger v Duryee, 90 NY 594; Murray v Harway, 56 NY 337; Condit v Manischewitz, 220 App Div 366; Schwartz v

*Certified Mgt. Corp.,* 117 AD2d 521; *Witkoff v Shopwell, Inc.,* 112 AD2d 295).

The appellant contends, with respect to Brentsun's contention that it failed to timely execute its option to renew the lease, that although there is a question of fact, if it is found that it did not timely execute its option to renew the lease, it is entitled to equitable relief from the forfeiture of its leasehold estate, in part because of the substantial expenditures it made for improvements to the property *(see, e.g., J.N.A. Realty Corp. v Cross Bay Chelsea,* 42 NY2d 392; *Sy Jack Realty Co. v Pergament Syosset Corp.,* 27 NY2d 449). However, if the appellant can prove that it properly exercised its option to renew the lease within the time period specified in the lease, it may have an adequate remedy at law *(see, J.N.A. Realty Corp. v Cross Bay Chelsea, supra,* at 397-398), in which case it will not be entitled to equitable relief *(see, Boyle v Kelley,* 42 NY2d 88, 91; *Lichtyger v Franchard Corp.,* 18 NY2d 528, 537). We therefore find that the court properly denied the appellant's motion for summary judgment insofar as it was to declare that the lease renewal option was properly exercised, as there are issues of fact as to whether the appellant properly exercised its option to renew the lease. Bracken, J. P., Eiber, O'Brien and Pizzuto, JJ., concur.