■ In the Matter of SEA CLIFF DELICATESSEN, INC., Appellant, v STANKO SKREPEK, Respondent. [605 NYS2d 389] —In a proceeding pursuant to CPLR article 75 to compel arbitration, the petitioner appeals from an order of the Supreme Court, Nassau County (Collins, J.), dated May 31, 1991, which denied the petition.

Ordered that the order is reversed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on whether the petitioner gave the respondent timely notice of its intent to exercise a renewal option in a lease between the parties, and for further proceedings in accordance herewith.

The petitioner Sea Cliff Delicatessen, Inc. (hereinafter Sea Cliff), seeks to compel the respondent landlord to negotiate, by arbitration, the terms of the renewal of a lease for the subject premises. The landlord refuses to arbitrate, claiming that the lease was assigned without his consent and, in any event, proper notice of the renewal was not given.

By a lease entered into in May 1980 the landlord leased the premises for a 10-year term to John Beck and Jonathan Nebel. The lease states that "the Tenant [or] successors * * * shall not assign this agreement, or underlet or underlease the premises * * * without the Landlord's consent in writing". The lease also contains the following provisions:

"35th. Tenant shall have the option to renew said lease for an additional term of ten (10) years commencing on July 1, 1990, notice of which is to be given to the landlord on or

before January 1, 1990, the rents for which term are to be determined and agreed between the parties; in the event said agreement cannot be effected, then same shall be referred to the American Arbitration Association for determination.

"36th. Tenant shall have the right to assign said lease to any purchaser of the business or corporation hereinafter formed by Tenant, and the landlord's consent shall not be unreasonably withheld".

Less than two months after the lease was signed, Beck assigned it to Sea Cliff, a corporation that he and Nebel had formed. Beck signed the assignment as assignor and as president of the corporate assignee; Nebel was not a party. Two years later, on September 2, 1982, Nebel sold all of his shares in Sea Cliff to Beck, thus making Beck the sole shareholder as well as the president of Sea Cliff.

On August 27, 1985, Beck conveyed his interest in Sea Cliff (i.e., all of the issued and outstanding stock), to Charles Fielding and Kenneth Fielding. The contract of sale included a provision that the Fieldings would renew the subject lease "for an additional term sufficient to cover the Purchasers promissory notes running [to] the seller to be executed at the time of closing".

Sometime before the expiration of the lease, Sea Cliff attempted to exercise the renewal option. The landlord refused to negotiate any renewal. Sea Cliff brought the instant proceeding to compel arbitration of the terms of the lease renewal. The court denied the petition, and we now reverse.

Although Beck did not obtain the landlord's permission to assign the lease to Sea Cliff, the landlord accepted rent checks from Sea Cliff for approximately five years, and thus waived the consent requirement as to the corporation (see, Jefpaul Garage Corp. v Presbyterian Hosp., 61 NY2d 442). The landlord's argument, that the sale of Sea Cliff's shares to the Fieldings constituted an assignment of the lease, is without merit (see, Dennis' Natural Mini-Meals v 91 Fifth Ave. Corp., 172 AD2d 331).

We find, however, that a hearing is required as to the issue of whether Sea Cliff gave timely notice to the landlord of its intent to exercise the lease's renewal option.

We have considered the landlord's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Rosenblatt and Miller, JJ., concur.