■ JHH PICTURES, INC., Respondent, v RAWKUS ENTERTAINMENT LLC, Appellant. [739 NYS2d 26] —Order, Supreme Court, New York County (Barry Cozier, J.), entered December 26, 2000, which denied defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), unanimously modified, on the law, to grant defendant's motion insofar as to dismiss plaintiff's fraud and tortious interference claims, and otherwise affirmed, without costs.

The motion court properly denied defendant's motion insofar as it sought dismissal of plaintiff's contract-based claims, since

the claims are adequately pleaded and the contractual provisions relied upon by defendant do not demonstrate, as a matter of law (see, *Held v Kaufman*, 91 NY2d 425, 430-431; *Leon v Martinez*, 84 NY2d 83, 88), that it was free of the contractual obligations alleged by plaintiff, i.e., to produce and finance the marketing, promotion and distribution of a soundtrack album, and to provide licenses and clearances for the previously released tracks it provided to plaintiff for use in its film. Also properly sustained was plaintiff's cause for breach of fiduciary duty. While the subject contract evidences an arm's length business transaction, the complaint adequately pleads facts and circumstances extraneous to and independent of the contract from which a fiduciary duty between the parties may be inferred (see, *LaBarte v Seneca Resources Corp.*, 285 AD2d 974, 976-977). However, inasmuch as plaintiff's fraud and tortious interference claims are grounded in defendant's failure to produce licenses and clearances for the previously released tracks, they should be dismissed as duplicative of the contract based claims (see, *WIT Holding Corp. v Klein*, 282 AD2d 527; *Mallory Factor v Jicka*, 168 AD2d 344; *Armory Bldg. Ltd. Partnership v Park 25th Assoc.*, 120 AD2d 438).

We have considered defendant's remaining arguments and find them unavailing in the present procedural context. Concur—Tom, J.P., Andrias, Saxe, Wallach and Rubin, JJ.