■ ALLERAND, LLC, et al., Appellants, v 233 EAST 18TH STREET COMPANY, L.L.C., Respondent. ALLERAND, LLC, et al.,

Appellants-Respondents, v 233 East 18th Street Company, L.L.C., Respondent-Appellant. [798 NYS2d 399]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered August 6, 2004, which, in an action (Index No. 601254/04) seeking a declaration as to the parties' rights and obligations under a net lease, to the extent appealed from, granted defendants' cross motion insofar as it sought an award of attorneys' fees, unanimously affirmed, without costs. Order, same court and Justice, entered August 4, 2004, which, in an action (Index No. 102419/04) to recover damages for, inter alia, breach of a net lease agreement's consent to sublet provisions, denied plaintiffs' motion and defendants' cross motion for summary judgment, unanimously modified, on the law, to grant the cross motion insofar as to dismiss plaintiffs' claim for tortious interference with contract, and otherwise affirmed, without costs.

Upon prevailing in the declaratory judgment action (Index No. 601254/04), defendants were entitled under the plain terms of the governing net lease to an award of attorneys' fees incurred in the action's defense. The net lease provided in relevant part that "Lessee shall indemnify and save Lessor harmless from and against all . . . costs and expenses including attorneys' fees . . . due to or arising out of or from . . . [a]ny breach, violation or non-performance of any covenants, condition, provision or agreement in this Lease," and that "[i]f Lessor shall incur any expense, including reasonable attorneys' fees, in instituting, prosecuting, or defending any action or proceeding instituted by reason of any default by Lessee, Lessee shall reimburse Lessor for the amount of such expense." Accordingly, inasmuch as the precipitant of this action was

plaintiffs' withholding of rent while in possession of the demised premises—a violation of a fundamental covenant of the lease, regardless of any breach by defendants (*see Earbert Rest., Inc. v Little Luxuries, Inc.*, 99 AD2d 734 [1984])—the costs of the action's defense by the lessor must be borne by plaintiff lessees. Contrary to plaintiffs' argument, the circumstance that the action is one commenced by them for declaratory relief does not render the above-quoted attorney fee indemnity and reimbursement provisions inapplicable. The salient circumstance in determining the applicability of the subject provisions is that the action was engendered by plaintiff lessees' breach of a basic obligation of the lease (*see e.g. Haberman v 257 Cent. Park W., Inc.*, 299 AD2d 299 [2002]; *Optical Exch. of 35th St., Inc. v Hong*, 292 AD2d 218 [2002]; *and see East 55th St. Joint Venture v Litchman*, 122 Misc 2d 81 [1983], *affd* 126 Misc 2d 1049 [1984]; *cf. Frank B. Hall & Co. of N.Y., Inc. v Orient Overseas Assoc.*, 84 AD2d 338 [1982], *affd* 56 NY2d 965 [1982]).

In the action seeking damages for breach of the net lease and for tortious interference with contract (Index No. 102419/04), summary judgment was properly denied with respect to the breach of contract cause. While we agree with plaintiffs that, under the net lease, the right to sublet for a term beyond the lease's expiration without the lessor's prior consent is conditioned only upon the lessee's submission of a certificate by an "unrelated and reputable" broker confirming that certain requirements have been met, triable issues are raised as to whether the broker from whom plaintiffs obtained the certificate was in fact "unrelated." To the extent, however, that the appealed order found an issue of fact as to whether defendant reasonably refused to recognize plaintiff Allerand's authority to sublease the subject premises without proof of the assignment of the lease from the original lessees, the Sabella plaintiffs, to Allerand, we reach a different conclusion. The Sabellas' right to assign the net lease for the balance of its term was not contingent upon defendant's prior consent, and indeed there was no requirement that the lessee notify the lessor of such an assignment. We note that defendant admits to having accepted Allerand's rent checks for the preceding two years, and Allerand's principals were the original net lessees (*see Matter of Sea Cliff Delicatessen v Skrepek*, 199 AD2d 510 [1993]; *Brentsun Realty Corp. v D'Urso Supermarkets, Inc.*, 182 AD2d 604 [1992]).

We modify only to grant defendant's cross motion insofar as it seeks summary judgment dismissing plaintiffs' tortious interference with contract claim. The parties' rights and obligations

respecting the matter in dispute are governed by their contract and the purported claim for tortious interference with contract does no more than restate plaintiffs' claim for the contract's breach (*see JHH Pictures, Inc. v Rawkus Entertainment LLC,* 291 AD2d 356, 357 [2002]). Concur—Mazzarelli, J.P., Friedman, Nardelli and Williams, JJ.