■ 936 SECOND AVENUE L.P., Appellant-Respondent, v SECOND CORPORATE DEVELOPMENT CO., INC., et al., Respondents-Appellants. [830 NYS2d 59]—

Superseding order, Supreme Court, New York County (Helen E. Freedman, J.), entered September 5, 2006, which, upon the parties' respective motions for summary judgment, as amplified by the underlying decision set forth in the transcript of proceedings entered September 7, 2006, declared that in determining the value of the demised premises for the purpose of fixing the amount of rent to be paid by plaintiff (tenant) to defendants (landlord) for the first 10 years of the second renewal term, the appraiser is not to consider the net lease between the parties to be an encumbrance on the demised premises, and denied landlord's application for costs and expenses, including attorneys' fees, unanimously affirmed, with costs.

The net lease, which plainly requires consideration of the value of the demised land "together with all buildings and improvements thereon" as they exist on the date of the commencement of the second renewal term, subject to any existing tenancies and laws, ordinances or regulations, but without regard for any loss or damage that tenant was or will be obligated to replace or rebuild, clearly calls for an "as is" appraisal based on the actual use of the demised premises that excludes any effect on value of the remaining term of the net lease itself. We reject tenant's argument that where a lease requires valuation of real property for the purpose of determining rent, all factors actually affecting value, including the encumbrance created by the lease itself, must invariably be considered unless expressly excluded by the lease. If anything, on the principle of inclusio unius est exclusio alterius, the specification of certain permitted considerations should be read as implicitly prohibiting other considerations (*see Two Guys from Harrison-N.Y. v S.F.R. Realty Assoc.*, 63 NY2d 396, 403-404 [1984]). *United Equities v Mardordic Realty Co.* (8 AD2d 398 [1959], *affd* 7 NY2d

911 [1960]) and *New York Overnight Partners v Gordon* (88 NY2d 716 [1996], *affg* 217 AD2d 20 [1995]), relied on by tenant, are distinguishable in that the rent valuation clauses in those cases called for an appraisal of vacant land only, not, as here, the land plus all improvements thereon.

Landlord is not entitled to an award of attorneys' fees as neither condition of article 23 (h) was met. *Allerand, LLC v 233 E. 18th St. Co., L.L.C.* (19 AD3d 275 [2005]), relied on by landlord, is distinguishable in that the defendant landlord therein prevailed in a declaratory judgment action that was "engendered by plaintiff lessees' breach of a basic obligation of the lease," namely, the payment of rent (*id.* at 277). Here, tenant's incorrect interpretation of the net lease's valuation provisions does not amount to a breach of a basic lease obligation. In that regard, the parties recognize that they might not agree on a renewal rent and provided for each of them to appoint an.appraiser to determine the value of the demised premises, which would be the basis of the renewal rent. Thus, the dispute over the proper rent to be charged does not constitute a violation of a lease obligation. We have considered the parties' remaining arguments for affirmative relief and find them to be unavailing. Concur—Tom, J.P., Friedman, Sullivan, Nardelli and Catterson, JJ.