■ BETA HOLDINGS, INC., et al., Appellants, v ROBERT J. GOLD-SMITH et al., Respondents. CORINTHIAN-BETA INVESTMENTS, LLC, et al., Proposed Additional Counterclaim Defendants-Appellants. [992 NYS2d 25]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered November 21, 2013, which, insofar as appealed from, denied plaintiffs-counterclaim defendants and proposed additional counterclaim defendants' (collectively counterclaim defendants) cross motion to dismiss the fraud counterclaims asserted against them pursuant to CPLR 3211 (a) (7), unanimously reversed on the law, with costs, and the cross motion granted.

The fraud counterclaims, insofar as based on the alleged misrepresentations by counterclaim defendants that they would honor the terms of the promissory notes, are duplicative of the breach of contract counterclaims; the allegations are essentially that they did not intend to honor the terms of the notes at the time they executed them (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995]; *Orix Credit Alliance v Hable Co.*, 256 AD2d 114, 115 [1st Dept 1998]; *Non-Linear Trading Co. v*

*Braddis Assoc.*, 243 AD2d 107, 118-119 [1st Dept 1998]). The allegations are insufficient to satisfactorily plead that counterclaim defendants, at the time the agreement was entered into, never intended to carry out the terms of the agreement (*see Deerfield Communications Corp. v Chesebrough-Ponds, Inc.*, 68 NY2d 954, 956 [1986]). Neither do they allege a duty separate from the terms of the agreement that was breached by counterclaim defendants so as to support a claim of fraud (*see First Bank of Ams. v Motor Car Funding*, 257 AD2d 287 [1st Dept 1999]), or that the damages sought to be recovered are based on lost opportunities arising from counterclaim plaintiffs having been induced to sell their company (*see Mañas v VMS Assoc., LLC*, 53 AD3d 451, 454 [1st Dept 2008]). Here, plaintiffs claim that counterclaim defendants orally promised to "grow the company" using methods such as geographic expansion, acquisition opportunities and better marketing, and that these promises are specific and not subject to the agreement's merger provision. However, this overlooks the September 8, 2008 letter of intent, which includes a promise that the buyers "want to continue to grow the Company," and briefly summaries how this would be done. The terms of the letter of intent are subject to the merger provision. In any event, the alleged promises are of a general nature and insufficiently specific to establish fraudulent inducement, even were they not barred by the agreement's merger provision.

The pleadings of the counterclaims also fail to show that the individual counterclaim defendants, officers of the counterclaim defendant companies, allegedly acted outside of their corporate capacities or for personal gain. There is no showing of a duty separate from counterclaim defendants' alleged failure to abide by the terms of the agreement (*see Allerand, LLC v 233 E. 18th St. Co., L.L.C.*, 19 AD3d 275, 277-278 [1st Dept 2005]). Concur— Renwick, J.P., Richter, Manzanet-Daniels, Feinman and Gische, JJ.