Matter of Krodel v Amalgamated Dwellings Inc. (2018 NY Slip Op 07531)





Matter of Krodel v Amalgamated Dwellings Inc.


2018 NY Slip Op 07531


Decided on November 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2018

Richter, J.P., Manzanet-Daniels, Kapnick, Kern, Moulton, JJ.


7384 152176/14

[*1]In re Natalie Krodel, Petitioner-Respondent,
v
Amalgamated Dwellings Inc., Respondent-Appellant, Abraham Bragin, et al., Respondents.


Anderson Kill P.C., New York (Elliot J. Coz of counsel), for appellant.
Gehring & Satriale LLC, New York (Joseph E. Gehring, Jr. of counsel), for respondent.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered September 25, 2015, which, to the extent appealed from, denied the motion of respondent Amalgamated Dwellings Inc. for summary judgment on its counterclaim for attorneys' fees with respect to petitioner's first and third causes of action, and granted petitioner's cross-motion for summary judgment dismissing that part of the counterclaim, unanimously affirmed, without costs.
This case requires us to determine whether a provision in a lease agreement is enforceable where it provides for payment of attorneys' fees to a lessor even if the lessor is in default. We find that such a provision is unconscionable and unenforceable as a penalty.
Respondent Amalgamated Dwellings Inc. is a residential cooperative corporation. In 2001, petitioner, a tenant-shareholder in respondent's building, purchased shares to an apartment in the building and executed a proprietary lease with the following provision concerning attorneys' fees (paragraph 6[7][c]):
"If the Lessor [respondent] shall incur any cost, fee or expense . . . including reasonable legal fees . . . in connection with any action or proceeding brought by the Lessee [petitioner] against the Lessor . . . which is based on an alleged default of the Lessor hereunder or which is based on any other matter or thing relating to this lease, or to any alleged failure by the Lessor to perform any act which the Lessor is required to perform . . . or to the shares of the Lessor issued to the Lessee, or to the Lessor's Bylaws, . . . such cost or expense shall be paid by the Lessee to the Lessor, on demand, as additional rent."
In 2012, petitioner's husband, who owned the shares to another apartment in the building, agreed to transfer his shares to petitioner. Petitioner paid a transfer fee to respondent so that it would transfer the shares to her. She later sued respondent for default of the lease agreement and for statutory violations because respondent had not transferred the shares to her husband's apartment to her. Respondent answered petitioner's complaint and asserted a counterclaim for attorneys' fees under paragraph 6(7)(c).
In 2014, respondent moved for summary judgment on its counterclaim. Petitioner cross-moved for summary judgment dismissing the counterclaim, arguing that paragraph 6(7)(c) was unenforceable. The motion court denied respondent's motion for summary judgment on its counterclaim and granted petitioner's cross-motion for summary judgment dismissing the counterclaim.
On appeal, respondent argues that the motion court erred in holding that petitioner was [*2]not subject to paragraph 6(7)(c), because New York courts have regularly enforced fee-shifting provisions.
We find that the motion court properly declined to enforce paragraph 6(7)(c) because it is unconscionable and unenforceable as a penalty. Parties to a lease may contract for attorneys' fees "provided [they are] reasonable and not in the nature of penalty or forfeiture" (379 Madison Ave., Inc. v Stuyvesant Co., 242 App Div 567, 569 [1st Dept 1934], affd 268 NY 576 [1935]). Whether a provision is "an unenforceable penalty is a question of law, giving due consideration to the nature of the contract and the circumstances" (172 Van Duzer Realty Corp. v Globe Alumni Student Assistance Assn., Inc., 24 NY3d 528, 536 [2014] [internal quotation marks omitted]). A finding of unconscionability requires "some showing of an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party" (Gillman v Chase Manhattan Bank, 73 NY2d 1, 10 [1988] [internal quotation marks omitted]).
Although this Court has not previously addressed whether a fee provision in a residential lease is enforceable where it provides for payment of attorneys' fees to a party even when that party is in default, motion courts addressing similar fee provisions have found them unconscionable (see Weidman v Tomaselli, 81 Misc 2d 328, 334 [Rockland County Ct 1975], affd 84 Misc 2d 782 [App Term, 2d Dept 1975] [finding unconscionable a provision providing for payment of attorneys' fees upon the commencement of litigation based on party's default because "(t)he effect of such clause (was) to permit the petitioner (landlord) to exact tribute from the respondents (tenants) for the petitioner's legal proceedings, successful or not"]; McClelland-Metz Mgt. v Faulk, 86 Misc 2d 778, 781 [Nassau Dist Ct 1976] [denying attorneys' fees and holding that provision under which "landlord would be entitled to attorneys' fees whether he was successful or not" was "unconscionable and in the nature of a penalty"]; see also East 55th St. Joint Venture v Litchman, 122 Misc 2d 81, 85-86 [Civ Ct, NY County 1983] [observing that permitting a "landlord (to) s(eek) attorneys(') fees for a case which it had lost" produces "an unconscionable result —- and to be avoided" and that "(a)n award of counsel fees to a nonprevailing party would be an absurd and oppressive result"], affd 126 Misc 2d 1049 [App Term, 1st Dept 1984]).
In the present case, we find that an attorneys' fees provision which provides that the tenant must pay attorneys' fees if it commences an action against the landlord based upon the default of the landlord is unconscionable and unenforceable as a penalty. Paragraph 6(7)(c) of the proprietary lease permits the landlord to recover attorneys' fees when the tenant brings an action against the landlord even when the landlord is in default. To enforce such a provision would produce an unjust result because it would dissuade aggrieved parties from pursuing litigation and preclude tenant-shareholders from making meaningful decisions about how to vindicate their rights in legitimate instances of landlord default.
We have considered the respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 8, 2018
CLERK