691 Tenth, LLC v A&M Healthy Grill NYC Inc. (2023 NY Slip Op 06431)

691 Tenth, LLC v A&M Healthy Grill NYC Inc.

2023 NY Slip Op 06431

Decided on December 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 14, 2023

Before: Kapnick, J.P., Friedman, González, O'Neill Levy, JJ. 

Index No. 155701/21 Appeal No. 1205 Case No. 2023-01193 

[*1]691 Tenth, LLC, Plaintiff-Respondent,
v
A&M Healthy Grill NYC Inc., et al., Defendants-Appellants.

Solomon Zabrowsky, New York, for appellants.
Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Paul N. Gruber of counsel), for respondent.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered August 11, 2022, which, to the extent appealed from as limited by the briefs, granted plaintiff 's motion for summary judgment on its claims for unpaid rent and additional rent and to dismiss defendants' fourth affirmative defense/first counterclaim, unanimously affirmed, without costs.
The court correctly concluded that plaintiff made a prima facie showing that it complied with its obligations under the parties' lease and that defendants failed to present evidence sufficient to raise an issue of fact on this issue. Article 46 of the lease rider, which superseded article 9 of the lease, made defendant A&M Healthy Grill NYC Inc. responsible for maintaining gas service to the demised premises and exempted plaintiff from liability to A&M based on the failure to deliver gas. Article 67 of the lease rider provided that if there was a delay in furnishing any utility due to fire, it would not constitute a constructive eviction or entitle A&M to a rent abatement or reduction. Article 4 of the lease also stated that A&M was not entitled to an allowance or diminution of rent because of an injury to its business based on plaintiff's failure to make repairs or comply with the lease terms. Thus, even accepting defendants' claim that A&M was unable to operate its restaurant for two months because of the lack of gas service, it was still responsible for the payment of rent (see Allerand, LLC v 233 E. 18th St. Co., L.L.C., 19 AD3d 275, 277 [1st Dept 2005]). Moreover, defendants do not cite any lease provision that required plaintiff to maintain and repair gas pipes in the demised premises.
Defendants also failed to present evidence sufficient to raise a triable issue as to whether they were in compliance with the lease in that they do not dispute that A&M had not paid rent since September 2019, before the fire; and as noted, article 4 of the lease stated that A&M was not entitled to a diminution in rent or set off based on plaintiff's alleged failure or delay in making repairs (see Lincoln Plaza Tenants Corp. v MDS Props. Dev. Corp., 169 AD2d 509, 512 [1st Dept 1991]). The court correctly found that A&M was not constructively evicted from the premises based on that alleged failure because it was not entitled to demand that plaintiff make the repairs (see Barash v Pennsylvania Term. Real Estate Corp., 26 NY2d 77, 82 [1970]). Moreover, article 67 of the lease rider expressly stated that a delay in making repairs to gas service did not constitute a constructive eviction.
Defendants also presented no evidence that article 74 of the lease rider, which made defendant Ayman Hamoud a guarantor of A&M's obligations under the lease, was inapplicable. Since the rent was not fully paid when A&M vacated the premises, the provisions of article 74 relieving him of liability on the guarantee did not apply. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT[*2].
ENTERED: December 14, 2023