DVK Realty, LLC v Cremb Realty, Inc. (2024 NY Slip Op 03882)

DVK Realty, LLC v Cremb Realty, Inc.

2024 NY Slip Op 03882

Decided on July 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LILLIAN WAN, JJ.

2023-00606
 (Index No. 617063/19)

[*1]DVK Realty, LLC, respondent, 
v
Cremb Realty, Inc., appellant.

James F. O'Brien, Jericho, NY, for appellant.
Rivkin Radler LLP, New York, NY (Henry M. Mascia, Cheryl F. Korman, Jeremy B. Honig, and Michael J. Heller of counsel), for respondent.

DECISION & ORDER
In an action for a judgment declaring the rights and obligations of the parties with respect to a lease agreement, the defendant appeals from an order of the Supreme Court, Nassau County (Erica L. Prager, J.), entered December 27, 2022. The order denied the defendant's motion for summary judgment declaring that the plaintiff has no rights under the lease agreement or rights to the subject premises and granted the plaintiff's cross-motion for summary judgment on the complaint and dismissing the defendant's counterclaim.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, making an appropriate declaration in favor of the plaintiff, in accordance herewith.
In 1977, a commercial lease agreement was executed between the defendant's predecessor, as landlord, and DVK Realty, Inc., as tenant, regarding certain premises located in Nassau County. The parties to the lease agreement subsequently executed amendments to the lease agreement, one of which permitted DVK Realty, Inc., to extend the lease term to December 31, 2033. In 1998, the plaintiff's manager sent the defendant's predecessor a letter stating that DVK Realty, Inc., had been converted from a corporation to a limited liability company, i.e., the plaintiff. In 2000, the defendant acquired title to the subject premises and proceeded to accept monthly rent payments from the plaintiff for approximately 20 years.
The defendant rejected the plaintiff's attempt to exercise its options under the lease agreement to extend the lease term to December 31, 2033, and stated in a letter dated January 4, 2019, that the plaintiff was currently occupying the premises without the benefit of a lease. Thereafter, the defendant purported to terminate the plaintiff's tenancy, and the plaintiff commenced this action for a judgment declaring that the plaintiff is the tenant under the lease agreement and that the plaintiff duly exercised its options under the lease agreement to extend the expiration date of the lease agreement to December 31, 2033. The defendant interposed an answer asserting various affirmative defenses and a counterclaim for a judgment declaring, in effect, inter alia, that the plaintiff has no rights under the lease agreement or rights to the subject premises.
The defendant moved for summary judgment declaring that the plaintiff has no rights [*2]under the lease agreement or rights to the subject premises. The plaintiff cross-moved for summary judgment on the complaint and dismissing the defendant's counterclaim, contending, among other things, that the defendant waived any right to object to the plaintiff's tenancy. In an order entered December 27, 2022, the Supreme Court denied the defendant's motion and granted the plaintiff's cross-motion. The defendant appeals.
"A waiver is the voluntary abandonment or relinquishment of a known right" (Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y., 61 NY2d 442, 446). "A waiver is not created by negligence or oversight and cannot be inferred from mere silence" (455 Dumont Assoc., LLC v Rule Realty Corp., 180 AD3d 735, 737). However, "acceptance of rent by a landlord from a tenant with knowledge of the tenant's violation of the terms of the lease normally results in a waiver of the violation" (Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y., 61 NY2d at 447).
Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by showing that the defendant waived its right to object to the plaintiff's tenancy under the terms of the lease agreement (see Matter of Sea Cliff Delicatessen v Skrepek, 199 AD2d 510, 511; Brentsun Realty Corp. v D'Urso Supermarkets, 182 AD2d 604, 605). It is undisputed that the defendant accepted monthly rent checks from the plaintiff for approximately 20 years. Furthermore, the plaintiff demonstrated that the defendant was aware that the current tenant was the plaintiff, rather than DVK Realty, Inc., yet failed to challenge the plaintiff's tenancy under the lease agreement until 2019, after the plaintiff sought to exercise its options under the lease agreement to extend the lease term. The plaintiff also demonstrated that the defendant acknowledged the plaintiff as the tenant under the lease agreement. In opposition, the defendant failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the plaintiff's cross-motion for summary judgment on the complaint and dismissing the defendant's counterclaim and properly denied the defendant's motion for summary judgment declaring that the plaintiff has no rights under the lease agreement or rights to the subject premises.
In light of our determination, we need not reach the parties' remaining contentions.
Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the plaintiff is the tenant under the lease agreement and that the plaintiff duly exercised its options under the lease agreement to extend the expiration date of the lease agreement to December 31, 2033 (see Lanza v Wagner, 11 NY2d 317, 334).
IANNACCI, J.P., CHAMBERS, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court